Metzger v Lazala (2019 NY Slip Op 02604)





Metzger v Lazala


2019 NY Slip Op 02604


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

527360

[*1]THOMAS METZGER et al., Appellants,
v
ABRAHAM LAZALA, Respondent.

Calendar Date: February 14, 2019

Before: Clark, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellants.
Cook, Netter, Cloonan, Kurtz & Murphy, PC, Kingston (Eric M. Kurtz of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered January 25, 2018 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff Thomas Metzger was a firefighter with the City of Kingston Fire Department. In December 2012, he responded to a fire at defendant's home. Metzger was on the second floor when he noticed flames at the bottom of the stairs blocking his exit. He then broke a window, stepped onto a roof, slipped on the snowy surface and fell to the ground, sustaining injuries. Metzger, and his wife derivatively, commenced this action alleging that defendant was liable pursuant to General Municipal Law § 205-a and General Obligations Law § 11-106, which provide firefighters with a mechanism to recover for personal injuries sustained in the line of duty. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion. Plaintiffs appeal.
Supreme Court properly granted defendant's motion for summary judgment. General Municipal Law § 205-a "gives a firefighter . . . a right of action against any person whose negligent failure to comply with a government provision either directly or indirectly results in injury" (Giuffrida v Citibank Corp., 100 NY2d 72, 80 [2003] [internal quotation marks and citation omitted]; see Dryer v Musacchio, 117 AD3d 1115, 1119 [2014]). To successfully make out such a claim, a plaintiff "must identify the statute or ordinance with which the defendant failed to comply, describe the manner in which the firefighter was injured, and set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the firefighter" (Zanghi v Niagara Frontier Transp. Commn., 85 NY2d 423, 441 [1995]; accord Giuffrida v Citibank Corp., 100 NY2d at 80; Dryer v Musacchio, 117 AD3d at 1119). To succeed on a motion for summary judgment in this context, the defendants must show "either that they did not violate any relevant governmental provision or, if they did, that such violation did not directly or indirectly cause [the plaintiff's] injuries" (Dryer v Musacchio, 117 AD3d at 1120; see Giuffrida v Citibank Corp., 100 NY2d at 82).
In support of his motion for summary judgment, defendant submitted his deposition testimony and the affidavit of an expert opining that defendant's house contained no building code violations that contributed to Metzger's injuries. Defendant testified that when he purchased the house in the mid-1990s, it contained, among other rooms, a full bathroom and kitchen on the first floor and a full bathroom and kitchenette area on the second floor. He lived in the home with his parents and uncle, and his siblings and another uncle had previously lived there as well. None of these relatives paid him rent or had a lease, but they sometimes contributed to the household by purchasing food or paying a bill. Defendant described a communal living situation in which all family members had access to open areas such as the upstairs kitchenette, although the family typically cooked dinner and ate together downstairs.
Plaintiffs primarily assert that defendant violated statutory and building code provisions requiring all multifamily dwellings to contain fire-resistant enclosures at the base or top of stairways or both (see Multiple Dwelling Law § 52 [5] [a]; Building Code of New York State § 1009.5.3 [2010]), and that the lack of such enclosures contributed to Metzger's injuries. However, under the Multiple Dwelling Law, a building occupied for residential purposes by not more than two families is defined as a private dwelling, not a multiple dwelling (see Multiple Dwelling Law § 4 [6], [7], [8]). Similarly, the Building Code of New York State does not apply to one- or two-family dwellings, which are instead governed by the Residential Code of New York State (see Building Code of New York State § 102.2 [2010]). Thus, even if defendant's house was a two-family dwelling,[FN1] the Multiple Dwelling Law and Building Code would not apply (see Multiple Dwelling Law §§ 4, 8; Building Code of New York State § 102.2 [2010]). In opposition, plaintiffs' expert contended that defendant violated provisions of these laws, but his opinions are based on assumptions without any explanation of how these laws are applicable to defendant's house. Although plaintiffs also assert that defendant violated local ordinances by failing to obtain permits when certain work was performed inside the house, the record does not indicate that any of those alleged violations caused or contributed to Metzger's injuries. Accordingly, Supreme Court properly determined that defendant was entitled to summary judgment dismissing the complaint.
Clark, J.P., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The record does not support plaintiffs' assertions that this was a two-family house or that the house contained two apartments. Even though the upstairs and downstairs of the house each contained areas for sleeping, cooking and bathing, the floors of the house were not separated and secured by doors; they were connected by an open stairway, and the testimony established that the occupants of both floors were free to travel to and use the open areas on either floor. Plaintiffs have not identified any statute, regulation or ordinance that defines such a layout and arrangement as a two-family dwelling.